**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| GOLDWATER BANK, N.A.,<br><br>                              Plaintiff,<br><br>v.<br><br>CHRISTIAN KULIKOSKI; CATHRYN KULIKOSKI; CARDINAL FINANCIAL COMPANY, L.P.; FIRST SOURCE TITLE AGENCY, INC.; GREAT LAKES SETTLEMENT AND CLOSING, INC.; and THE UPTOWN LAW FIRM, LLC,<br><br>                              Defendants. | Civil Action No. 21-CV-10246-DJC |

## JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1

Plaintiff Goldwater Bank, N.A. ("Plaintiff") and Defendants Christian Kulikoski; Cathryn Kulikoski (the "Kulikoskis"); Cardinal Financial Company, L.P. ("Cardinal"); First Source Title Agency, Inc. ("First Source"); Great Lakes Settlement and Closing, Inc. ("Great Lakes"); and The Uptown Law Firm, LLC (together, "Defendants") submit this Joint Statement pursuant to Fed. R. Civ. P. 16(b), Local Rule 16.1, and in connection with the Scheduling Conference set for August 5, 2021 at 3:30 PM.  The parties have conferred in accordance with Fed. R. Civ. P. 26(f) with respect to the preparation of this Joint Statement.

## I.    BACKGROUND

### *Plaintiff's Claims*

This action arises out of a mortgage loan made by Plaintiff to the Kulikoskis on November 24, 2020.  Plaintiff alleges as follows.  Defendants First Source, Great Lakes, and Uptown (the "Escrow Parties") collectively provided escrow and settlement services for the closing of the loan.

The Kulikoskis ultimately exercised their right to rescind Plaintiff's loan under the Truth in Lending Act ("TILA"), and Plaintiff notified the Escrow Parties.  The Escrow Parties had already dispersed the proceeds of Plaintiff's loan, and they began working to secure the return of the disbersed funds, most of which had been transferred to Defendant Cardinal to pay off the Kulikoskis' prior loan.  Cardinal confirmed that it would return the funds, but it failed to do so prior to the satisfaction and release of Cardinal's lien, and Cardinal now refuses to return the funds. Plaintiff brought suit against Defendants, and Plaintiff's Amended Complaint asserts five claims for relief.

Plaintiff seeks a declaratory judgment asking the Court to establish procedures effectuating the Kulikoskis' recission or alternatively declaring he rescission null and void.  Plaintiff also asserts claims for breach of fiduciary duty and breach of contract against the Escrow Parties for disbursing the proceeds of Plaintiff's loan after the Kulikoskis rescinded and failing to secure the return of the disbursed proceeds prior to the release of Cardinal's lien.  Finally, Plaintiff asserts a claim for conversion and a claim for unfair and deceptive trade practices against Cardinal for its wrongful retention of the proceeds of Plaintiff's loan and its actions in promising the return of the funds while nevertheless retaining them long enough to secure the discharge of its lien.

### *Defendants' Positions*

### A.    The Kulikoskis

The Kulikoskis applied for a residential mortgage refinance through Goldwater. The loan documents were delivered to their home for execution by a "notary". No right of recession notice was provided at the time of the closing. They connected with Goldwater the day after the closing and requested the right of recession. They completed and returned  the Notice to Rescind to Goldwater and rescinded their loan. Goldwater did not comply with 12 CFR 11026.23c and 209

2

CMR 32.23 and violated MGL Chapter 93A. Goldwater, or its agents, paid off their existing mortgage despite the election of Right of Recession. Goldwater, also recorded a new mortgage instrument, despite have due notice that the mortgage loan was rescinded.

### B.    Cardinal

The Amended Complaint alleges claims against Cardinal for a Declaratory Judgment under the Truth in Lending Act ("TILA"), for Conversion and for alleged violations of G.L. c. 93A. On its face, the Amended Complaint fails to state a claim against Cardinal upon which relief may be granted. The allegations set forth in the Amended Complaint indicate that the Kulikoskis obtained a loan from Goldwater (the "Refinance Transaction") for the purpose of refinancing a previously existing loan secured by a Mortgage given to Cardinal (the "Cardinal Mortgage Loan"). Although the Kulikoskis rescinded the Refinance Transaction under TILA, Goldwater's agents nevertheless distributed a portion of the proceeds therefrom to Cardinal for the purpose of satisfying the debt owed under the terms of the Cardinal Mortgage Loan.

Under TILA, Goldwater or its agents bear the burden associated with any premature distribution of the proceeds from the Refinance Transaction. Further, Goldwater and the Kulikoskis are the only necessary parties with respect to any procedures to be established by the Court for the purpose of effectuating the Kulikoskis' rescission of the Refinance Transaction. TILA does not require a prior lender in receipt of proceeds from a mortgage loan refinance transaction, such as Cardinal, to take part in any such procedures. Accordingly, the Amended Complaint fails to allege facts sufficient to demonstrate that Cardinal is a necessary party to any Declaratory Judgment establishing procedures with respect to the Kulikoskis' rescission of the Refinance Transaction.

The Amended Complaint also fails to sufficiently state a claim against Cardinal for Conversion. To sustain its claim for Conversion, Goldwater must establish that it is the rightful owner of the funds distributed from the Refinance Transaction and that Cardinal took some action with the intent to appropriate the funds to itself or to deprive Goldwater of said funds. In that respect, the Amended Complaint fails to allege facts sufficient to demonstrate that Goldwater is the rightful owner of the funds distributed to Cardinal. By its plain language, TILA requires that a creditor recover any proceeds inadvertently disbursed with respect to a rescinded refinance transaction directly from the consumer, not from the prior lender. The discharge for value rule is consistent with the provisions of TILA and provides that a creditor that receives funds from a third party in satisfaction of an existing debt is not required to make restitution therefor even if said funds were tendered by mistake. Here, the Amended Complaint expressly states that the funds from the Refinance Transaction were tendered to Cardinal "to pay off Cardinal's loan on the Subject Property." The Amended Complaint does not allege, nor can Goldwater establish that Cardinal was notified that the Kulikoskis had rescinded the Refinance Transaction prior to the distribution of the funds, or that the funds were tendered as a result of any misrepresentation by Cardinal. Thus, Goldwater cannot demonstrate that it is the rightful owner of the funds distributed to Cardinal so as to sustain its claim for Conversion.

Further, the Amended Complaint is wholly devoid of any allegations sufficient to suggest that the funds were distributed as a result of some positive wrongful act by Cardinal. Rather, the allegations set forth in the Amended Complaint indicate that the funds from the Refinance Transaction were distributed to Cardinal as a result of actions or omissions that are wholly attributable to Goldwater and its agents. Additionally, the Amended Complaint alleges that Cardinal was willing to return the funds from the Refinance Transaction so long as Goldwater

assumed the financial burden associated with unwinding the mistake that resulted from the actions and omissions of its agents. As a result, the Amended Complaint fails to sufficiently allege that Cardinal engaged in some positive wrongful act with the intent of depriving Goldwater of the funds.

Moreover, the Amended Complaint fails to allege facts sufficient to plausibly suggest that Cardinal engaged in any unfair and/or deceptive conduct whatsoever, let alone conduct sufficient to rise to the level of unfairness necessary to sustain a claim under G.L. c. 93A. It is undisputed that Goldwater and Cardinal are both sophisticated lending institutions. As a result, G.L. c. 93A, § 11 requires a higher standard of unfairness than a claim brought by a consumer under G.L. c. 93A, § 9. As set forth *supra*, Goldwater has no claim to the funds distributed to Cardinal whether under the provisions of TILA or otherwise. Further, the Amended Complaint alleges that Cardinal was willing to work with Goldwater to return the funds so long as Cardinal was returned to the *status quo ante* with an enforceable debt instrument and security interest and that Goldwater bear the burden of any cost and expense associated with unwinding the mistakes of its agents. The Amended Complaint does not allege that Goldwater provided Cardinal with any such assurances. Because TILA does not require Cardinal to make restitution for funds that were disbursed in error by Goldwater's agent, that Cardinal conditioned its willingness to return the subject funds upon being returned to the *status quo* is neither unfair nor deceptive as a matter of law. To hold otherwise would deprive Cardinal of the benefits of the Cardinal Mortgage Loan due solely to the negligence of the Plaintiff's agents.

Similarly, the Amended Complaint fails to allege facts sufficient to suggest that Cardinal's receipt and retention of the funds from the Refinance Transaction was the result of some action or omission by Cardinal. Accordingly, Goldwater cannot satisfy its burden of demonstrating that it

has suffered damages as a result of any conduct by Cardinal so as to sustain its claim under G.L. c. 93A.

### C.     First Source

First Source was title agent for the transaction and it never handled the relevant funds. On December 1, 2020, First Source first learned that the borrower had rescinded.  Goldwater advised First Source (and Uptown) by email.  First Source did not receive this notification until after Uptown had disbursed the loan proceeds to Cardinal on November 30, 2020.  First Source asserts numerous affirmative defenses, including that Plaintiff is barred from the relief sought due to its own negligent conduct and/or substantial and material breach of contract.

### D.     The Uptown Law Firm

The Uptown Law Firm's position is as follows:  On or about November 24, 2020, Goldwater, as lender, originated a mortgage loan to Christian and Cathryn Kulikoski (the "Kulikoskis") in the amount of $780,000.00 (the "Goldwater Loan"), to be secured by the Kulikoskis' home located at 58 Oak Street, Stoneham, Massachusetts (the "Property").   In connection with the Goldwater Loan, Goldwater contracted with First Source Title Agency, Inc. ("First Source"), whereby First Source agreed to act as title and escrow agent for the closing of the Goldwater Loan, and with Great Lakes Settlement and Closing, Inc. ("Great Lakes"), whereby Great Lakes was to provide certain closing services, including coordination between Goldwater, First Source, Uptown and Cardinal Financial Company, L.P. ("Cardinal").  Uptown, a law firm, was retained as the closing agent and to provide certain wire transfer services at the closing.  The Kulikoskis intended to use a portion of the Goldwater Loan proceeds to refinance and pay-off a preexisting loan owned by Cardinal (the "Cardinal Loan").

6

On or about November 24, 2020, the Kulikoskis signed an acknowledgement that they received copies of the Notice of Right to Cancel, which, pursuant to the Truth in Lending Act, 12 CFR § 1026.23, allows borrowers to cancel their loan transactions within three days of signing the loan documents.  Pursuant to the Notice of Right to Cancel, the Kulikoskis had until midnight on November 28, 2020 to exercise their right to cancel and rescind the refinance transaction.  In the usual course, barring receipt of an executed cancellation notice from the Kulikoskis by midnight on November 28, 2020, Goldwater would wire the funds for the refinance to Uptown, which Uptown would then use to pay-off the Cardinal Loan and issue checks for the remaining funds to the Kulikoskis and to Great Lakes, First Source and Uptown for their fees in connection with the transaction.

The Kulikoskis, however, did not execute the cancellation notice form (the "Cancelation Notice") until November 30, 2020, two days *after* their right of cancellation had expired. Goldwater instructed the Kulikoskis to backdate their Cancellation Notice by two days so that they would be within the statutory time-period to cancel.  The Kulikoskis sent the backdated Cancellation Notice to Goldwater and Great Lakes on November 30, 2020 at 11:11 a.m.

Goldwater concedes that *nobody* notified Uptown or First Source of the Cancellation Notice on November 30.  Notwithstanding Goldwater's receipt of the Cancellation Notice, Uptown still received Goldwater's funds for the refinance by wire transfer.  Because Uptown had not received the Cancellation Notice by the original deadline of midnight on November 28, and had received the funds from Goldwater on November 30, Uptown promptly and in the usual course wired the funds to Cardinal to pay-off the Cardinal Loan and issued the required checks on November 30.  Uptown and First Source were not notified about the Cancellation Notice until December 1, 2020 at 12:51 p.m.

Accordingly, Goldwater has only itself (and perhaps Great Lakes) to blame for failing to notify Uptown of the rescission until it was already too late.

## II.     PROPOSED AGENDA OF MATTERS TO BE DISCUSSED AT SCHEDULING CONFERENCE

The Parties propose discussing the proposed pre-trial case schedule set forth below.

## III.    PROPOSED DISCOVERY PLAN AND PRE-TRIAL SCHEDULE

The Parties confirm their obligation to limit discovery as set forth in Fed. R. Civ. P. 16(b) and Local Rule 26.1(c).  The Parties further agree that, given the concentrated period of time at issue, conducting discovery in phases is not necessary.   The Parties propose the following discovery and pre-trial schedule.  Where the Parties are in disagreement, the Parties' respective positions are noted:

1. **Initial Disclosures.**  Initial Disclosures required by Fed. R. Civ. P. 26(a)(1) must be served by August 19, 2021.

   > **Uptown's position is that it should not have to provide initial disclosures or participate in discovery until after the Court has ruled on its Motion to Dismiss.**

2. **Amendment to Pleadings.**  Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after September 6, 2021.

3. **Fact Discovery.**

   a. **Document Production**.  All documents responsive to request for production shall be produced by February 4, 2022.  Requests for production shall be served in time to permit parties to meet this deadline.

   First Source and Cardinal contend that the deadline for the production of documents should be November 4, 2021, and that all other suggested deadlines should be adjusted forward accordingly.  This is not a complex case, as it has limited factual

and legal issues in dispute. Further, First Source does not anticipate the matter to be document intensive.

In the event Uptown is not dismissed from this case, Uptown agrees with the discovery scheduled proposed by First Source and that document production should be completed by November 4, 2021 as this is not a document intensive or complex case.

    **b. Fact Discovery Deadline**.  All discovery, other than expert discovery, must be completed by March 4, 2022.

4. **Expert Discovery**

    **a.** Plaintiff's trial expert(s) must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, no later than April 4, 2022.

    **b.** Defendants' trial expert(s) must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, no later than April 4, 2022.

    **c.** The depositions of all trial experts must be completed no later than May 6, 2022, with the deposition of Plaintiff's expert(s) to precede the deposition of Defendants' expert(s).

5. **Dispositive Motions**

    **a.** Dispositive Motions, such as motions for summary judgment or partial summary judgment, must be filed no later than June 4, 2022.

    **b.** Oppositions to summary judgment motions must be filed within 21 days after service of the motion pursuant to Local Rule 7.1.

    **c.** All summary judgment filings shall conform to the requirements of Local Rule 56.1.

6. **OTHER ISSUES AFFECTING DISCOVERY AND PRE-TRIAL SCHEDULE**

    **a.** Defendant Great Lakes has not yet appeared in this action, and Plaintiff intends to move forward with a motion for default and default judgment shortly.  Should default judgment be entered and Great Lakes later seeks to have such judgment set aside, Great Lakes' entry into this proceeding may affect the timing of discovery and the pre-trial schedule.

7. **MAGISTRATE JUDGE**

The Parties do not consent to trial by Magistrate Judge.

8. **CERTIFICATION OF CONFERENCE REGARDING BUDGET AND ALTERNATIVE DISPUTE RESOLUTION**

Each Party will separately file its certification pursuant to Local Rule 16.1(d)(3)

Respectfully submitted this the 29th day of July, 2021.

/s/ Derek M. Bast
_____
Sean C. Wagner, *pro hac vice*
Derek M. Bast, *pro hac vice*
WAGNER HICKS PLLC
831 E. Morehead Street, Suite 860
Charlotte, North Carolina 28202
Telephone: (704) 705-7358
Sean.wagner@wagnerhicks.law
derek.bast@wagnerhicks.law

Michael C. Fee (BBO # 552796)
Scott M. Zanolli (BBO # 688230)
Pierce & Mandell, P.C.
11 Beacon Street, Suite 800
Boston, MA 02108-3021
Telephone: 617-720-2444
Facsimile: 617-720-3693
mfee@piercemandell.com
scott@piercemandell.com

*ATTORNEYS FOR PLAINTIFF*

FIRST SOURCE TITLE AGENCY, INC.,
By its Attorneys,


/s/ Alan E. Lipkind
Alan E. Lipkind (BBO #547938)
alipkind@burnslev.com
Laura Lee Mittelman (BBO #689752)
lmittelman@burnslev.com
BURNS & LEVINSON LLP
125 High Street
Boston, MA 02110
(617) 345-3000




Christine and Kathryn Kulikowski
By their Attorneys,


/s/ *Russell Z. Goldberg*
Russell Zane Goldberg, ( BBO 549953 )
Falbo, Solari & Goldberg, PC
Five Essex Green Drive Suites 32-34
Peabody, MA. 01960
978-532-8891




Respectfully Submitted
Cardinal Financial Company, L.P.,
By its attorneys,


/s/ Brian C. Linehan
Brian C. Linehan, Esq. (BBO# 690437)
Reneau J. Longoria, Esq. (BBO # 635118)
Doonan, Graves & Longoria, LLC
100 Cummings Center Suite 303C
Beverly, MA 01915
Tel. (978) 921-2670
bl@dgandl.com

THE UPTOWN LAW FIRM, LLC
By their attorneys,

/s/ Jessica Gray Kelly
Nancy M. Reimer (BBO # 555373)
nreimer@fmglaw.com
Jessica Grey Kelly (BBO # 666846)
Jessica.kelly@fmglaw.com
Freeman Mathis and Gary, LLP
60 State Street, Suite 600
Boston, Massachusetts 02109
(617) 963-5975

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing Joint Statement using the CM/ECF system, which will send notification of such filing to all registered CM/ECF users, and paper copies will be sent to those indicated as non-registered participants as of the date below.

Great Lakes Settlement and Closing, Inc.
c/o Towhidul Hussain
2189 Professor Avenue
Cleveland, OH 44113

This the 29th day of July, 2021.

/s/ Derek M. Bast
Derek M. Bast